**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Civil Action Nos. 05-12 (lead |
| EnRe L.P., | § | case), 05-25, 05-26 |
| | § | |
| Debtor. | § | Bankr. Appeal Nos. 04-11, |
| | § | 04-12, 04-13 |
| | § | |

**ORDER AFFIRMING BANKRUPTCY COURT**

After considering the record on appeal, the arguments of counsel and the relevant law, this Court hereby AFFIRMS the decision of the Bankruptcy Court in the above-styled consolidated appeal. For the reasons stated by the Bankruptcy Court, this Court holds that the Appellants are not entitled to recover attorney's fees and costs pursuant to 11 U.S.C. § 506(b). This Order is limited to the § 506(b) issue.[1]

SIGNED and ENTERED this 17th day of June, 2005.

_____
Janis Graham Jack
United States District Judge

---

[1] In addition to their § 506(b) argument, Appellants argue that their attorney's fees and costs should be allowed as unsecured claims under 11 U.S.C. § 502. This § 502 argument is not properly before the Court because it was not first raised before the Bankruptcy Court. "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000). This rule is fully applicable to a district court sitting in an appellate capacity in a bankruptcy appeal. See In re Ginther Trusts, 238 F.3d 686, 689 (5th Cir. 2001) (citing Matter of Gilchrist, 891 F.2d 559, 561 (5th Cir. 1990)).